BEN RABIN, PLAINTIFF, v. JOHN K. POLLIT AND ELDEN M. SHONKA, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided December 21, 1950.

128

Mr. *Harry Green,* attorney for plaintiff.

Mr. *John Alden Christie* (Mr. *Gerald T. Foley,* of counsel), attorney for defendants.

DANIEL J. BRENNAN, J. S. C. This is an application for a change of venue. The action is for slander of the plaintiff by the defendants, who are or were at the time of the alleged slander officials of the Borough of Fairlawn in the County of Bergen, the defendant Pollit the mayor thereof and Shonka a councilman.

Venue was laid in Essex County. Counsel for the defendants suggests that there is a right on the part of the defendants to have the cause tried in the county of their residence, to wit, Bergen County. In support of this viewpoint counsel for the defendants quotes in his brief what he contends is the pertinent part of *Rule* 3:3–2 of the Superior Court—title Venue.

"In actions affecting the title to real property or an interest therein possessory or otherwise, or for damages thereto, and actions of attachment the venue shall be laid by the plaintiff in the county in which any property affected is situate. *In actions by or against municipal corporations or counties or public agencies or officials the venue shall be laid by the plaintiff in the county in which the cause of action arose."* (The italics is the court's.)

An examination of the complaint discloses that in the first count it is alleged that the defendant Pollit is the mayor of the Borough of Fairlawn and that the defendant Shonka is a duly elected councilman of that borough, and that in the third and fourth counts reference is made to their official status. It is the court's judgment that these defendants are sued as individuals and not in their representative capacity.

The alleged slanderous words were uttered at public meetings in that borough on the dates stated in the complaint.

From its context it seems to me that the excerpt from the rule heretofore cited has reference only to those situations where public officials are sued in their capacity as such.

There is but a single case cited by learned counsel for the defendants, *Dennis and Shorts ads. Charles Ford,* 7 *N. J. L.* 200 (*Sup. Ct.* 1824). In that case a deputy sheriff of Sussex County was sued by a resident of Morris County and the venue was laid in Morris County. He was sued in his capacity as a civil officer and the cause for which suit was instituted was for an act in the performance of his duty as such. The court, indicating it would be a great hardship to take him out of his county, granted the application for a change of venue. Such is not the situation here. The cited case *supra* does not apply.

The motion for a change of venue is denied, without costs. Submit order accordingly.